JOHN BORST, RESPONDENT, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, APPELLANT.

*Railroad crossing — Flagman — duty of railroad to passenger signaled to cross — escape of steam — nonsuit for contributory negligence — standing engine on track crossing public highway.*

When a flagman who is stationed at a railroad crossing beckons a person waiting for an opportunity to pass, to cross the track, the person has a right to suppose that no change will take place in anything under the control of the railroad company which will increase the danger, and the sudden increase in the escape of steam from a locomotive, such as to 'frighten his horse, makes the railroad company liable for the injuries resulting from it.

Except in very clear cases the plaintiff, in an action brought to recover damages

for negligence, should not be nonsuited on the ground that his own negligence has contributed to bring about the injury.

*Semble*, that stopping an engine on a railroad track where it crosses a public highway, in such a manner as partially to block up the highway, is an act of negligence.

APPEAL from a judgment of $631.80, damages and costs, recovered against the defendant at the Erie county Circuit.

The action is brought to recover damages alleged by the plaintiff to have been sustained by him by reason of the defendant's leaving one of its engines standing in Elk street, in Buffalo, and thereby frightening plaintiff's horse while passing along upon said street, and causing him to shy over to the side of the street, and finally to run against a wagon which was then coming from an opposite direction, whereby plaintiff was thrown out and injured. It was also alleged by plaintiff that defendant's flagman was negligent in giving signals for said teams to pass.

The accident occurred at the crossing of Elk street and defendant's railroad in the city of Buffalo. Defendant's engine was engaged in moving a train of cars across the street, and came to a standstill near the side of, or a few feet more or less inside of, the north boundary of the street. The plaintiff, coming from the east, drove his horse up near to the east railroad track, and there stopped. The flagman signaled the plaintiff to come on.

The plaintiff claimed that the steam from defendant's engine blew out more while plaintiff was crossing the track than it did when he was signaled to do so, and that this caused his horse to shy and produce the injury complained of.

At the close of plaintiff's evidence, and again after the close of all the proofs, the defendant's counsel moved for a nonsuit on the ground of plaintiff's contributory negligence, which was denied.

The court charged the jury that some of the testimony, as it understood it, tended to show " that the violence with which this steam was blown out from the locomotive, at the time plaintiff crossed in front of the engine, was increased, and the horse was frightened in consequence of that; if that was so, that was negligence on the part of the company for which they would be liable." Whereupon the counsel for the defendant requested the court to further charge, that unless such increase of noise was caused by the

negligence of the defendant or of its servants, the defendant was not liable therefor in this action, which request was denied and an exception taken.

The court further charged the jury: "I think that when the flagman, who is stationed there for this purpose, beckons the passenger who is waiting in the highway for an opportunity to cross the track, the traveler has a right to suppose that no change will take place in anything under the control of the railroad company, that is likely to increase the danger. That seems to be the common sense of it, and I have no doubt it is the law. They have a right to rely upon the action of the flagman who is indicating to them; that is, that there are no trains coming in either direction, and in sight, and nothing which is in the control of the company shall be changed, as to quantity of steam that is being emitted, or noise made."

The jury rendered a verdict for $500 in favor of the plaintiff.

*A. P. Laning,* for the appellant.

*Thomas C. Holmes,* for the respondent.

E. DARWIN SMITH, J.:

The motion for a nonsuit, on the ground that the plaintiff was guilty of negligence contributing to the injury, I think, was properly denied. The question of negligence in all this class of actions is a complex one, involving a species of double issue, primarily one in respect to the negligence of the defendant, and then a counter inquiry, whether the plaintiff was free from negligence contributing to the injury. Some times the evidence may be so clear and undisputed upon one branch of the issue, and so entirely fail to make out a cause of action, that the court may properly nonsuit the plaintiff; but, as the whole question is one of fact, and one upon which different minds may come to opposite conclusions, even among judges, I think the better opinion is well expressed by Lord DENMAN, in the late case in the House of Lords of *Bridges* v. *The North London Railway Company* (30 L. T. [N. S.], 844; 10 Alb. L. J., 464), that nonsuiting the plaintiff in this class of cases is generally a departure from the old maxim of the English law, " *ad quæstiones facti non respondent judices.*"

The conduct of the plaintiff in all this class of cases is generally so mixed with, and dependent upon, the conduct and acts of the defendant and the surrounding circumstances of the case, that this question, in most cases, fairly belongs to the jury, in the general consideration of the whole facts of the case.

At the close of the charge, the counsel for defendant requested the judge to charge, " that if the jury should find that there was any additional noise coming from the engine after the plaintiff started to cross the track, that unless that increase of noise was caused by the negligence of the defendant or its servants, the defendant was not liable therefor in this action, although such noise frightened plaintiff's horse, and contributed to this injury." The Circuit judge did not, in form, charge as requested, but said, in explanation, " that he thought, when the flagman, who is stationed there for this purpose, beckons the passenger who is waiting in the highway for an opportunity to cross the track, the traveler has a right to suppose that no change will take place in anything under the control of the railroad company likely to increase the danger. That seemed to him the common sense of it, and he had no doubt it was the law. They have a right to rely upon the action of the flagman who is indicating to them that there are no trains coming in either direction, and in sight, and nothing which is in the control of the company shall be changed as to quantity of steam that is being emitted, or noise made." The counsel excepted to this charge, and also to the refusal of the judge to charge as requested. This explanation of the charge seems to me substantially correct. The judge asserts, in substance, that this plaintiff, when beckoned two or three times by the flagman to cross the track, had a right to assume that it was safe to do so, so far as the acts of the defendant and its agents were concerned; and if more steam was emitted from the engine while he was passing than before, that was an unfair surprise to the plaintiff, and if it contributed to the injury, it was the fault of the defendant's agents, for which the defendant was responsible.

The judge was not called upon, I think, in response to the request, to charge that if there was any additional noise coming from the engine after the plaintiff started to cross the track, unless that increase of noise was caused by the negligence of the defend-

ant or its servants, the defendant was not liable in this action. The very position of this engine in the public highway, and the occupation and blocking up of said highway by it, was of itself an act of negligence; and all its concomitants are parts of such negligence, and a continuation and aggravation of the original wrong to the public and to the plaintiff.

It appeared in evidence that, at the time of the accident, the defendant occupied a considerable portion of the roadway of Elk street, where the accident occurred, with one of its engines facing the street and fired up, and letting off steam, more or less, at the time the plaintiff attempted to cross the track, and for some twenty minutes previously, as the plaintiff states the time, while he was obstructed and hindered from passing, and waiting to pass over the railroad track, through a space thus narrowed from its proper width of forty-two feet between the sidewalks by the engine on one side, and by the cars on the other, to the space of about eighteen or twenty feet. This is the statement of the plaintiff and his wife. It is true there is some conflict in the evidence in respect to the extent of the obstruction in said street caused by said engine and the defendant's cars on the opposite side of the street; but I think it cannot be doubted, upon the evidence, that the said engine, attached to cars behind it, occupied on one side the whole width of the sidewalk, and the engine projected some feet south of the sidewalk, which was ten feet in width, into the traveled part of the highway, or the jury were authorized so to believe and find.

The point of the request to charge, was directed to a portion of the charge in which the Circuit judge had said that there was some evidence given on the part of the plaintiff, which, as he understood it, "tended to show that the violence with which this steam was blown out from the locomotive at the time he crossed in front of the engine, was increased, and that the horse was frightened in consequence of that — if that was so, that was negligence on the part of the company," etc. The judge had thus stated that such increase of steam which caused the noise, etc., was negligence, and it was hardly his duty to repeat that remark. The view of the counsel making the request was, doubtless, to ask the judge to discriminate between the negligence of the defendant and that of

its agents and servants, and to cast the blame of such increase of steam and noise upon the engineer in charge of the locomotive, as a matter of personal wrong on his part, for which he alone, and not the company, was responsible. There was not any ground for such discrimination, no evidence calculated to relieve the defendant from the consequence resulting from the location of the locomotive and the injury caused by the emission of the steam therefrom, whether increased or not at the time the plaintiff was passing the same. No error was committed, I think, by the judge, in not acceding to the request so made to charge otherwise than as above stated, or in his ruling in other respects, and the judgment should be affirmed.

Present — MULLIN, P. J., SMITH and MORGAN, JJ.

Judgment affirmed.